# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF OREGON

**ELIZABETH L. PERRIS**  
CHIEF BANKRUPTCY JUDGE

1001 S.W. FIFTH AVENUE, # 700  
PORTLAND, OREGON 97204  
(503) 326-1536

DIANE K. BRIDGE, LAW CLERK  
MARGOT LUTZENHISER, LAW CLERK

September 12, 2007

Terrance J. Slominski  
Slominski & Associates  
7150 SW Hampton, Suite 201  
Tigard, OR  97223

Sonia A. Montalbano  
Elliott, Ostrander & Preston, PC  
707 SW Washington St., Suite 1500  
Portland, OR  97205

    Re:  <u>Gilbertson v. PEI/Genesis, Inc.</u>, Adv. No. 06-3341

Dear Counsel:

    This adversary proceeding is set for trial on October 1, 2007.  In your trial briefs, you raise the question of whether issue or claim preclusion bars litigation of the issue of fraud in this case.  Because I have sufficient information on which to base a determination on that legal issue, and because it will assist you in preparing for trial, I am writing to give you my ruling on the issue of preclusion.  For the reasons discussed below, I conclude that preclusion does not apply.

    Debtor's complaint contains two claims: one for violation of the discharge injunction, and the second for a determination that debtor's debt to defendant was discharged.

    According to the joint statement of agreed facts, when debtor filed his bankruptcy petition in June 1996, he did not list defendant as a creditor.  He obtained his discharge on October 6, 1996.

    Defendant filed a state court complaint against debtor in January 1997, alleging breach of contract, unjust enrichment, and misrepresentation.  Debtor did not appear in the state court action, and the court entered a default judgment.  Defendant attempted to collect on the judgment by written demand for payment and by obtaining an order for a judgment debtor exam.  Subsequently, debtor filed a motion in state court to set aside

Terrance J. Slominski
Sonia A. Montalbano
September 12, 2007
Page 2

the default judgment on the basis that service was not proper, which the state court denied.

1. <u>Dischargeability</u>

When a debtor fails to list a creditor on his or her bankruptcy schedules, the question of whether the debt was discharged in bankruptcy despite the failure of the debtor to list the debt on the bankruptcy schedules is governed by § 523(a)(3). That subsection provides that a debt is nondischargeable if, in a no-asset case such as this one, the debt is "of a kind" listed in § 523(a)(2), (4), or (6), and the creditor does not know about the bankruptcy case in time to file a timely dischargeability action. § 523(a)(3)((A). Actions to determine the dischargeability of debts under § 523(a)(2), (4), and (6), must be commenced within 60 days after the first date for the meeting of creditors. Fed. R. Bankr. P. 4007(c).

Defendant asserts that it did not know about the bankruptcy in time to commence a timely dischargeability action, and that the debt evidenced by the judgment is for fraud, which is "of a kind" that is nondischargeable under § 523(a)(2). Section 523(a)(2) makes claims for fraud nondischargeable. Because the determination under § 523(a)(3) of whether the debt is "of a kind" listed in § 523(a)(2) requires a determination of whether the debt is for fraud, the court must determine whether the debt is based on fraud to determine whether it was discharged.

Defendant argues that I should apply either issue or claim preclusion and hold that the state court default judgment bars debtor from litigating the issue of fraud in this court. For the reasons that follow, I will not apply preclusion in this case.

2. <u>Claim Preclusion</u>

As I understand defendant's argument, it is that debtor could have raised his discharge claim in the state court action but failed to do so, and therefore is precluded from bringing that claim here.

In determining whether to apply preclusion based on a prior judgment, the bankruptcy court applies the law of the forum in which the judgment was entered. <u>See</u> <u>In re Nourbakhsh</u>, 67 F.3d 798, 800 (9th Cir. 1995) (applying issue preclusion). Here, the judgment was entered in Oregon, so I will apply Oregon preclusion law.

In Oregon,

> [c]laim preclusion bars a party from relitigating the same claim against the same opponent or another claim that is "'based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action.'"

D'Amico v. Ellinwood, 209 Or. App. 713, 717 (2006) (quoting Bloomfield v. Weakland, 339 Or. 504, 510-11 (2005) (further citation omitted)).

First, discharge in bankruptcy is not the same claim as a state law fraud claim. Although the facts necessary to prove nondischargeability may overlap with those necessary to prove the state law fraud claim, nondischargeability in bankruptcy and fraud are not the same claim.

Second, to the extent defendant is arguing that debtor should have brought a claim of bankruptcy discharge in the state court action, bankruptcy discharge is an affirmative defense under Oregon procedure, not a claim. See ORCP 19B.

Finally, to the extent defendant is arguing that debtor's failure to raise that affirmative defense in state court constitutes waiver of the defense, the Bankruptcy Code says otherwise. Section 524(a) is derived from § 14f of the Bankruptcy Act. Congress added § 14f in 1970. "A primary reason for the amendments was to effectuate the discharge and make it unnecessary to assert it as an affirmative defense in a subsequent state court action." 4 Collier on Bankruptcy ¶ 524.LH[1] (15th Ed. rev. 2005). This made "it possible for a discharged debtor to ignore a creditor's subsequent action in a nonbankruptcy court." In re Pavelich, 229 B.R. 777, 781-82 (9th Cir. BAP 1999). Therefore, as a matter of federal bankruptcy law, debtor's failure to raise the defense of discharge in the post-discharge state court fraud action did not constitute a waiver of that defense.

I conclude that claim preclusion does not apply to bar debtor from asserting that the claim adjudicated in state court was discharged in his bankruptcy case.

Terrance J. Slominski
Sonia A. Montalbano
September 12, 2007
Page 4

3.  Issue Preclusion

Defendant argues that issue preclusion applies to bar debtor from litigating the issue of fraud in this proceeding.

   a.  Elements of Issue Preclusion

Under Oregon law, issue preclusion is available if five requirements are met:

> "1. The issue in the two proceedings is identical.
>
> "2. The issue was actually litigated and was essential to a final decision on the merits in the prior proceeding.
>
> "3. The party sought to be precluded has had a full and fair opportunity to be heard on that issue.
>
> "4. The party sought to be precluded was a party or was in privity with a party to the prior proceeding.
>
> "5. The prior proceeding was the type of proceeding to which [a state] court will give preclusive effect.

Safeco Ins. Co. v. Laskey, 162 Or. App. 1, 10 (1999) (quoting Nelson v. Emerald People's Utility Dist., 318 Or. 99, 104 (1993)).

Based on the complaint, judgment, and affidavit of Steven Fisher in the state court proceeding, I find that the elements of issue preclusion have been met in this case. From those documents, I can tell that the state court had to have found fraud (labeled "misrepresentation" in the state court complaint), the elements of which are the same under Oregon law as are necessary to prove that the claim at issue is "of a kind" that is nondischargeable under § 523(a)(2). See Meade v. Cedarapids, Inc., 164 F.3d 1218, 1221-22 (9th Cir. 1999) (setting out elements of fraud under Oregon law); In re Kirsh, 973 F.2d 1454, 1457-60 (9th Cir. 1992) (setting out elements of claim under § 523(a)(2). Fraud was actually litigated, because a default judgment in Oregon has the same force and effect as a verdict. Gwynn v. Wilhelm, 226 Or. 606, 609 (1961). Although debtor argues that he did not have a full and fair opportunity to be heard in state court, in deciding the motion for relief from judgment filed in state court, that court held that debtor was

Terrance J. Slominski
Sonia A. Montalbano
September 12, 2007
Page 5

properly served. Therefore, he had the opportunity to be heard, but chose not to appear. There is no argument that the fourth and fifth requirements for issue preclusion are not met.

    b.    <u>Equitable Considerations</u>

Preclusion is an equitable doctrine. Therefore, even when the requirements for issue preclusion are met, "[t]he court must also consider the fairness under all the circumstances of precluding a party." <u>State Farm Fire & Cas. Co. v. Century Home Components, Inc.</u>, 275 Or. 97, 110 (1976). This question is "independent of, and in addition to" consideration of the elements of preclusion, and "relates to variables (not necessarily connected to the actual trials) concerning the equity and justice of applying [issue preclusion] in a given case." <u>Id.</u> at 113-14.

Oregon courts have cited with approval the exceptions to issue preclusion provided in <u>Restatement (Second) of Judgments</u> § 28. <u>See, e.g.</u>, <u>Drews v. EBI Cos.</u>, 310 Or. 134, 140 (1989) ("The preclusive effect of the rule is subject to exceptions, of which those listed in section 28 of Restatement (Second) of Judgments are illustrative.").

The Restatement provides:

> Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
>     . . .
>
>     (3) A new determination of the issue is warranted . . . by factors relating to the allocation of jurisdiction between [the two courts]; or
>
>     . . .
>
>     (5) There is a clear and convincing need for a new determination of the issue . . . (c) because the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an

Terrance J. Slominski
Sonia A. Montalbano
September 12, 2007
Page 6

>  adequate opportunity or incentive to obtain a full and fair
>  adjudication in the initial action.

Restatement (Second) of Judgments § 28 (1982).

I conclude that equity weighs against giving preclusive effect to the state court judgment on the fraud issue.

Although defendant may not have known about debtor's bankruptcy discharge at the time it filed the state court action, it admits that it did know about the bankruptcy case by January 10, 1997, before it moved for and obtained the default judgment in state court. Defendant could have, but did not, add a request in the state court action for a determination of whether the debt had been discharged in bankruptcy.[1] Or defendant could have dismissed the state court action and filed a complaint in bankruptcy court to determine whether the debt had been discharged. That would have put debtor on notice that his bankruptcy discharge was at risk with respect to this claim. Instead, defendant chose to proceed in state court on only the state law claims, without seeking a determination that the claim for fraud had not been discharged in bankruptcy.

The failure of defendant to add a request for a determination of whether the debt had been discharged left debtor with little incentive to litigate in state court on a prepetition claim. Under § 524(a), debtor was not required to raise his bankruptcy discharge as an affirmative defense for fear of waiving that defense. And without an allegation by defendant in the state court action that it was seeking a determination that the debt had not been discharged, debtor was entitled to ignore that action. See § 524(a). Under the circumstances, it was not

---

[1] It is true that the exception to discharge for fraud under § 523(a)(2) involves exclusive bankruptcy court jurisdiction. However, dischargeability questions under § 523(a)(3) involve concurrent bankruptcy court and state court jurisdiction. See In re Franklin, 179 B.R. 913, 920-24 (Bankr. E.D. Cal. 1995). When the question is whether a debt is excepted from discharge under § 523(a)(3), the state court may resolve whether the debt is "of a kind" excepted from discharge under § 523(a)(2). See §§ 523(a)(3) & (c); Franklin, 179 B.R. at 920-24. Thus, the state court had jurisdiction to determine the dischargeability of the debt under § 523(a)(3), including jurisdiction to determine the issue of fraud.

unreasonable for debtor to believe that he did not need to assert a defense of discharge in bankruptcy or risk losing the benefit of his discharge in the state court proceeding, because the Bankruptcy Code does not require him to do that. See In re Pavelich, 229 B.R. 777, 781-82 (9th Cir. BAP 1999).

I conclude that, under the circumstances of this case, it would be unfair to allow the creditor to preclude the debtor from litigating the issue of dischargeability in this court. To hold otherwise would allow the creditor to indirectly establish nondischargeability using a state court judgment when that judgment itself would not be enough. Debtor had no incentive and was not required to raise the dischargeability issue when he was sued for fraud in state court or risk having the judgment used to establish nondischargeability later. Holding that the state court judgment for fraud could be used to preclude debtor from asserting that the debt in fact was not based on fraud and therefore was discharged in bankruptcy would eviscerate the protection provided by the Bankruptcy Code in § 524(a).

Defendant argues that it will be prejudiced by having to relitigate the issue of fraud, because ten years have passed since the state court proceeding and evidence is more difficult to obtain. As examples of this difficulty, defendant states that documents have been destroyed and employees have left the company. Defendant, however, does not provide specifics as to what documents and witnesses have been difficult to obtain that are pertinent to this proceeding. As a result, I do not find that the passage of time creates undue prejudice to defendant.

In conclusion, equitable considerations weigh in favor of not giving preclusive effect to the state court judgment. Accordingly, the dischargeability of the debt will be determined at trial.

Very truly yours,

Elizabeth L. Perris

ELIZABETH L. PERRIS
Bankruptcy Judge